KELLY, Circuit Judge, concurring in part and dissenting in part.
 

 I concur in Part III of the court's opinion remanding the case to the panel to determine whether unlawful use of a weapon under
 
 Mo. Rev. Stat. § 571.030.1
 
 (4) qualifies as a "violent felony" under the ACCA. I respectfully dissent, however, from the court's decision to overrule
 
 United States v. Bell
 
 . My understanding of Missouri case law leads me to conclude that "Missouri's second-degree robbery statute ... does not necessarily require the use of violent force as one of its elements."
 
 840 F.3d at 967
 
 .
 

 In short, my disagreement rests on a different understanding of what constitutes a "realistic probability"-as opposed to a merely theoretical one-"that the State would apply its statute to conduct" that constitutes something less than violent force.
 
 See
 

 Moncrieffe
 
 ,
 
 569 U.S. at 191
 
 ,
 
 133 S.Ct. 1678
 
 (quoting
 
 Duenas-Alvarez
 
 ,
 
 549 U.S. at 193
 
 ,
 
 127 S.Ct. 815
 
 );
 
 see also
 

 Bell
 
 ,
 
 840 F.3d at 966
 
 . I do not dispute that the relevant language from
 
 Lewis
 
 constitutes dicta, but I take that dicta to mean what it says. In Missouri, according to
 
 Lewis
 
 : "[W]here there was no physical contact, no struggle, and no injury, courts have found the evidence insufficient to support a [second-degree] robbery conviction. But where one or more of those circumstances is present, a jury reasonably could find a use of force."
 
 466 S.W.3d at 632
 
 (citation omitted). The most natural reading of this language is that "in Missouri a defendant can be convicted of second-degree robbery when he has physical contact with a victim but does not necessarily cause physical pain or injury."
 
 Bell
 
 ,
 
 840 F.3d at 966
 
 . "[T]his is not the same as concluding the force used by such a defendant is not capable of causing physical pain or injury," but it is sufficient to conclude there is a "reasonable probability" that Missouri would apply the statute to conduct that does not amount to violent force.
 

 Id.
 

 (cleaned up).
 

 Furthermore, simply because a principle has been stated in dicta does not mean that lower courts will not rely on it when assessing a sufficiency-of-the-evidence argument; or that prosecutors will not rely on it when making charging decisions; or that defendants and their attorneys will not rely on it when deciding whether to plead guilty or go to trial. Because I believe that
 
 Lewis
 
 's description of second-degree robbery creates a realistic probability-albeit in dicta-that it will be applied to conduct that does not involve the use or threatened use of violent force, I respectfully dissent from the court's opinion overruling
 
 Bell
 
 .